IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERESA DELARUE, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TRC COMPANIES, INC., CHRISTOPHER P. VINCZE, RICHARD H. GROGAN, JOHN A. CARRIG, F. THOMAS CASEY, STEPHEN M. DUFF, STEPHANIE C. HILDEBRANDT, KATHLEEN M. SHANAHAN, KEITH TRENT, DENNIS E. WELCH, NEW MOUNTAIN CAPITAL, L.L.C., NEW MOUNTAIN PARTNERS IV, L.P., BOLT INFRASTRUCTURE PARENT, INC., and BOLT INFRASTRUCTURE MERGER SUB, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 3:17-cv-00828-SRU<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE AND [PROPOSED] ORDER OF DISMISSAL**

  WHEREAS, plaintiff Teresa Delarue ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of TRC Companies, Inc. ("TRC") by New Mountain Partners IV, L.P., New Mountain Capital, L.L.C., Bolt Infrastructure Parent, Inc., and Bolt Infrastructure Merger Sub, Inc., pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around March 31, 2017 (the "Transaction");

  WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by defendants alleged to have been made in TRC's proxy statement filed with the SEC on or around May 8, 2017 (the "Proxy Statement");

WHEREAS, on May 31, 2017, TRC filed an amendment to the Proxy Statement with the SEC that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosures");

WHEREAS, Plaintiff's counsel intends to assert a claim for mootness fees and expenses in connection with the mooted claims (the "Fee Application"), and seek Court intervention if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious; and

WHEREAS, Plaintiff has conferred with defendants, and defendants consent to the entry of the dismissal on the terms set forth in this Notice;

IT IS HEREBY ORDERED this _____ day of _____, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: June 15, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**LEVI & KORSINSKY LLP**

By: /s/Shannon L. Hopkins
Shannon L. Hopkins (ct-29744)
733 Summer Street, Suite 304
Stamford, CT 06901
(203) 992-4523

*Attorneys for Plaintiff*

IT IS SO ORDERED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE