**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TERESA DELARUE, Individually and On Behalf of All Others Similarly Situated, <br>     Plaintiff, <br><br>     v. <br><br> TRC COMPANIES, INC., CHRISTOPHER P. VINCZE, RICHARD H. GROGAN, JOHN A. CARRIG, F. THOMAS CASEY, STEPHEN M. DUFF, STEPHANIE C. HILDEBRANDT, KATHLEEN M. SHANAHAN, KEITH TRENT, DENNIS E. WELCH, NEW MOUNTAIN CAPITAL, L.L.C., NEW MOUNTAIN PARTNERS IV, L.P., BOLT INFRASTRUCTURE PARENT, INC., and BOLT INFRASTRUCTURE MERGER SUB, INC., <br>     Defendants. | No. 3:17-cv-828 (SRU) |

## ORDER CLOSING CASE FOR ALL PURPOSES

WHEREAS, plaintiff Teresa Delarue ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of TRC Companies, Inc. ("TRC") by New Mountain Partners IV, L.P., New Mountain Capital, L.L.C., Bolt Infrastructure Parent, Inc., and Bolt Infrastructure Merger Sub, Inc., pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around March 31, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by defendants alleged to have been made in TRC's proxy statement filed with the SEC on or around May 8, 2017 (the "Proxy Statement");

WHEREAS, on May 31, 2017, TRC filed an amendment to the Proxy Statement with the SEC that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosures");

WHEREAS, on June 16, 2017, the Court entered an Order of Dismissal (Document 28), which dismissed the Action with prejudice as to Plaintiff only, and without prejudice as to all other members of the putative class, and retained jurisdiction over the parties for the purpose of determining Plaintiff's anticipated fee and expense application;

WHEREAS, after entry of the Order of Dismissal, the parties negotiated the terms of an agreed-upon payment of attorneys' fees and expenses that have been fully paid to counsel for Plaintiff, thereby obviating the need for fee applications to be adjudicated by the Court;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

1. This matter is fully resolved and no further issues remain in dispute, and the casefile should be closed for all purposes.

2. The Court should no longer retain jurisdiction over this matter

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of October 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

2